**TACO BELL CORP.,**
**Defendant–Appellant,**

**v.**

**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY as the Subrogee of Vincent Velasquez, Plaintiff–Appellee.**

No. 10A04–8911–CV–523.[1]

Court of Appeals of Indiana, First District.

March 5, 1991.

J. Richard Campbell, Skiles & Campbell, Indianapolis, for defendant-appellant.

Stephen W. Voelker, Jeffersonville, for plaintiff-appellee.

BAKER, Judge.

Taco Bell Corporation appeals the trial court's denial of its motion to vacate a default judgment entered in favor of plaintiff-appellee United Farm Bureau Mutual Insurance Company (Farm Bureau). The sole issue for our review is whether Farm

1. This case was reassigned to this office on January 2, 1991.

Bureau provided Taco Bell with adequate notice to give the trial court jurisdiction over Taco Bell. We hold that it did and therefore affirm.

## FACTS

The facts are not in dispute. Gerald Elliott, an employee of Taco Bell's Clarksville restaurant, was involved in an auto accident with Inge Velasquez. Mrs. Velasquez's husband was the named insured in an auto insurance policy issued by Farm Bureau. After paying the Velasquezes' claims, Farm Bureau as subrogee sought recovery from Mr. Elliott and obtained a default judgment against him.

To secure payment of the judgment, Farm Bureau instituted proceedings supplemental and received an order from the trial court naming Taco Bell as garnishee. Farm Bureau sent interrogatories and notice of the order to the "Chief Executive Officer" at Taco Bell's Clarksville restaurant. Taco Bell did not respond, though the certified mail return receipt showed the notice was received. The trial court then issued a rule to show cause why Taco Bell should not be held in contempt, and Farm Bureau again sent notice, with a copy of the rule, to the "Chief Executive Officer" at Taco Bell's Clarksville restaurant. Taco Bell again received the notice and again failed to respond.

At a hearing on the rule to show cause, Taco Bell failed to appear, though it did send Mr. Elliott in his individual capacity. After the judge and counsel for Farm Bureau explained the situation to Mr. Elliott as it affected him, the court entered judgment against Taco Bell for the $3,000 owed by Mr. Elliott with interest from the date Taco Bell was first named as a garnishee. At that point, Taco Bell took an interest in the proceedings, hiring counsel and filing a motion for relief from judgment under Ind. Trial Rule 60(B)(6). The trial court denied the motion and Taco Bell appeals.

## DISCUSSION AND DECISION

■ Taco Bell seeks refuge behind the axiom that insufficient service of process to a defendant fails to confer the trial court's personal jurisdiction over that defendant. *Overhauser v. Fowler* (1990), Ind.App., 549 N.E.2d 71. Specifically, Taco Bell argues that because its chief executive officer resides and works in California, process directed to that individual at Taco Bell's Clarksville restaurant was ineffective, leaving the trial court without jurisdiction over Taco Bell.[2] Taco Bell bases its argument on Ind. Trial Rule 4.6, governing service of process upon organizations, which provides in pertinent part:

(A) Persons to be served. Service upon an organization may be made as follows:

(1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent.

T.R. 4.6(A)(1).

Taco Bell's argument is nothing more than an attempt to define "executive officer" as the one individual bearing an organization's title of "executive" or "chief executive", despite the much broader definition contained in Ind. Trial Rule 83(2).

'Executive officer' of an organization includes the president, vice president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, *office manager, plant manager, or subdivision manager*, partner, or majority shareholder. For purposes of service of process, notice, and other papers, the term includes ... any person employed in the organization if such person promptly delivers the papers served to one of the foregoing.

T.R. 83(2) (emphasis added). It matters little whether we denominate Taco Bell's Clarksville restaurant as an office, a plant, or a subdivision: the clear intent of the rule is to make service upon an organization's local manager effective as service upon the organization. Taco Bell cannot do

---

**2.** Assuming the trial court had personal jurisdiction, Taco Bell does not contest the trial court's authority to enter judgment under IND.CODE 34–1–11 and IND. CODE 34–1–44–7. *See also Radiotelephone Co. of Indiana, Inc., v. Ford* (1988), Ind.App., 531 N.E.2d 238.

business in Indiana and expect to make a run for the border when the process server comes to the door. The trial court correctly ruled that service directed to Taco Bell's "chief executive officer" at the Clarksville restaurant was effective and proper as service upon the organization under T.R. 4.6(A)(1) and T.R. 83(2).[3]

The return of service from the restaurant does not indicate the status of the person who received the service, and Taco Bell cites this as an additional deficiency. We remind Taco Bell that the movant bears the burden of proof in Ind. Trial Rule 60(B) procedures. *Bays v. Bays* (1986), Ind.App., 489 N.E.2d 555, 560 *trans. denied.* Whether to grant relief is a matter entrusted to the trial court's discretion, and we will reverse a decision on a T.R. 60(B) motion only for an abuse of that discretion. *Id.* Service was delivered to, and received by, a person at the restaurant. Assuming *arguendo* the person who received the service was not the intended recipient, Taco Bell has not even attempted to argue the recipient failed to deliver the papers to the manager, as required by Ind. Trial Rule 4.16. Taco Bell completely failed to meet its burden, and its naked assertion of deficiency is without merit. The trial court properly rejected this argument.

The judgment of the trial court is affirmed.

SULLIVAN and CONOVER, JJ., concur.

---

[3]. Farm Bureau also relies on Ind. Trial Rule 4.15(F) to cure any problem which may have been present in the service. T.R. 4.15(F) exists to cure technical defects in the service of process. *Overhauser, supra.* Because the rules provide that "executive officer" includes a local

unit manager, reliance on T.R. 4.15(F) is unnecessary.