**VOLUNTEERS OF AMERICA,**
Appellant–Defendant,

v.

**PREMIER AUTO ACCEPTANCE CORP., Appellee–Plaintiff.**

No. 02A04–0104–CV–154.

Court of Appeals of Indiana.

Sept. 20, 2001.

David J. Carr, Gregory C. Brubaker, Ice Miller, Indianapolis, Indiana, Attorneys for Appellant.

Jack E. Roebel, Fort Wayne, Indiana, Attorney for Appellee.

## OPINION

SHARPNACK, Chief Judge

Volunteers of America ("VOA") appeals from the trial court's denial of a motion to correct errors wherein VOA alleged that the trial court had erred by refusing to grant VOA relief from a default judgment that had been entered in favor of Premier Auto Acceptance Corporation ("Premier"). VOA raises three issues on appeal, which we consolidate and restate as whether the trial court abused its discretion in denying the motion to correct errors because Premier's service of process on VOA had been inadequate. We reverse.

The following facts are undisputed.[1] Premier obtained a money judgment

---

1. In Premier's appellee's brief, it "agreed with" VOA's Statement of the Case and State-

against Ron Parmerlee in the Small Claims Division of Allen County Superior Court. To satisfy that judgment, Premier filed a motion for proceedings supplemental that named Parmerlee's employer, VOA, as a garnishee defendant. At that time, Parmerlee was a substance abuse counselor at VOA's Fort Wayne office. The trial court granted Premier's motion, and a summons was sent to "Volunteers of America" at its Fort Wayne address. Parmerlee signed the return receipt for the summons but did not forward the summons to anyone else in the VOA organization.

Over the next several months, other items were sent to the Fort Wayne VOA office, but an executive officer or registered agent of VOA never received the items. On one other occasion, Parmerlee signed for the garnishment order that was addressed to "Volunteers of America" at its Fort Wayne address. However, as before, Parmerlee did not forward the order to anyone else in the VOA organization. Eventually, the trial court entered a default judgment against VOA.

Then, over one month after the trial court had entered a default judgment against VOA, VOA received a "Verified Motion for Proceedings Supplemental and Order thereon" that was addressed to the "Highest Ranking Officer" at VOA's Fort Wayne address. Appellant's App., p. 40. In response, VOA filed an Indiana Trial Rule 60(B)(6) motion asking the trial court to set aside the default judgment because VOA had never been appropriately served with process. The trial court denied VOA's motion to set aside the default judgment and subsequently denied VOA's motion to correct errors.

■ The sole issue on appeal is whether the trial court abused its discre-

ment of the Facts. Appellee's brief, pp. 2, 3.

tion in denying the motion to correct errors because Premier's service of process on VOA had been inadequate. A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct errors. *Precision Screen Mach., Inc. v. Hixson*, 711 N.E.2d 68, 70 (Ind.Ct.App.1999). A trial court has abused its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences therefrom. *Id.* The trial court's decision comes to us cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its discretion. *Id.* In making our determination, we may neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Instead, we look at the record to determine if: "(a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant; or (c) a very strong case for relief from the trial court's [order] ... has been made by the appellant." *Id.*

In its motion to correct errors, VOA alleged that the trial court had erred by refusing to grant VOA's motion to set aside the default judgment entered against VOA because Premier's service of process had been inadequate. Trial Rule 60(B)(6), which controls motions to set aside default judgments, provides, in pertinent part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

> \* \* \* \* \*

> ■ (6) the judgment is void.

Ind. Trial Rule 60(B)(6) (Supp.2001).[2] A trial court has discretion to determine whether it will grant a motion to set aside default judgment. *Wolvos v. Meyer*, 668 N.E.2d 671, 678 (Ind.1996). Consequently, we should not reverse unless the trial court abused its discretion. *Id.*

■■■ VOA's motion to set aside default judgment alleged that the default judgment was "void because the Court does not have personal jurisdiction over VOA due to inadequate service of process." Appellant's App., p. 20. VOA is correct when it argues that ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant. *Taco Bell Corp. v. United Farm Bureau Mut. Ins. Co.*, 567 N.E.2d 163, 164 (Ind.Ct.App. 1991), *trans. denied.* Moreover, VOA is correct when it alleges that a judgment entered against a defendant over whom the trial court did not have personal jurisdiction is void. *Fidelity Fin. Serv., Inc. v. West*, 640 N.E.2d 394, 396 (Ind.Ct.App. 1994). Therefore, to determine whether the trial court's judgment against VOA is void, we must determine whether Premier's service of process upon VOA was effective. *See Northwestern Nat. Ins. Co. v. Mapps*, 717 N.E.2d 947, 951 (Ind.Ct.App. 1999).

The appropriate method for serving process on an organization is outlined in Indiana Trial Rule 4.6, which provides, in pertinent part:

(A) Service upon an organization may be made as follows:

(1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law

to have been appointed to receive service, then upon such agent.

\* \* \* \* \*

(B) Service under subdivision (A) of this rule shall be made on the proper person in the manner provided by these rules, for service upon individuals ...

In addition, our Trial Rules provide the following definition of "executive officer":

'Executive officer' of an organization includes the president, vice president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, office manager, plant manager, or subdivision manager, partner, or majority shareholder. For purposes of service of process, notice and other papers, the term includes the personal secretary of any of the foregoing persons or any person employed under or with any of the foregoing persons and who is entrusted with responsible handling of legal papers, and any person employed in the organization if such person promptly delivers the papers served to one of the foregoing.

Ind. Trial Rule 83(1).

■■■ VOA first contends that the service was improper because Premier sent the service of process to VOA's Fort Wayne office instead of to VOA's main office in Indianapolis. This Court has previously interpreted the combination of Trial Rule 4.6(A) and Trial Rule 83 to provide that service upon the local office of an organization is effective service upon the organization. *Taco Bell*, 567 N.E.2d at 164–165. Consequently, the fact that Premier served VOA at its Fort Wayne does not make the service of process inadequate. *See id.*

---

**2.** For completeness, we note that Trial Rule 60(B) was amended effective January 1, 2001, between the dates of the filing of VOA's motion and the ruling by the trial court. However, that amendment affected only subdivision (A) of the rule, which is not at issue in the current proceeding. Consequently, we cite the version of the statute effective after January 1, 2001.

■ Second, VOA alleges that service was inadequate because the summons was simply addressed to "Volunteers of America." In a recent case, we noted that Trial Rule 4.6(A) "expressly provides that service be directed to an 'executive officer.'" *Mapps*, 717 N.E.2d at 953. For purposes of the addressee on the summons, we have held that the Trial Rule 4.6(A) requirement that service be made upon the "executive officer" is satisfied by service addressed to the "highest available officer," the "Highest Executive Officer," or the "chief executive officer." *Mapps*, 717 N.E.2d at 953–954; *West*, 640 N.E.2d at 401; *Taco Bell*, 567 N.E.2d at 164–165. However, here, Premier did not address the summons or other documents to any specific person. Therefore, Premier's service of process upon VOA was inadequate under Trial Rule 4.6(A). *Cf. Taco Bell*, 567 N.E.2d at 164–165.

■ Additional support for this decision can be found in Indiana Trial Rule 4.6(B), which provides that service must be made on the "proper person." For service to be made on the proper person, the proper person need not receive the service, however the service must be *sent* to the proper person. *Precision Erecting, Inc. v. Wokurka*, 638 N.E.2d 472, 474 (Ind.Ct. App.1994), *trans. denied*. Here, the service was directed to "Volunteers of America" instead of to the "executive officer" or "registered agent" of VOA. Assuming arguendo that Trial Rule 83 permitted Parmerlee to sign for the receipt of the service in place of the executive officer or the office manager at the Fort Wayne office, the summons was not properly addressed. Therefore, service was not appropriate.

■ Premier claims Indiana Trial Rule 4.15(F) should prevent us from finding that service upon VOA was inadequate. Trial Rule 4.15(F) provides that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." This rule is intended to reduce the number of challenges to service of process because of technical defects in the service. *Overhauser v. Fowler*, 549 N.E.2d 71, 73 (Ind.Ct.App.1990). However, under these facts, where the parties agree that VOA was never informed of the garnishment proceedings before a default judgment was entered against VOA, Trial Rule 4.15(F) can not cure Premier's failure to address the summons to the registered agent or to an executive officer.

Premier also claims that Indiana Trial Rule 4.16(B) should prevent us from finding that service upon VOA was inadequate. Trial Rule 4.16(B) provides that anyone who accepts service for another person has a duty to deliver that mail to the appropriate person, to notify the appropriate person that he has the mail, or to notify the court that he was unable to deliver the mail. Premier's argument is essentially that VOA placed Parmerlee in a position where he could receive certified mail, that Parmerlee failed to follow his statutory duty, and that, therefore, VOA should accept the consequences of placing Parmerlee in a position to receive certified mail. The problem with Premier's argument is that Parmerlee was signing for certified mail that was not addressed to a person, much less the proper person. The first time that a document was sent to VOA's Fort Wayne address, with "Attn: Highest Ranking Officer" on the envelope, the document arrived at the desk of the proper person. Therefore, VOA should not suffer the consequences of the failures of both Premier and Parmerlee to follow their statutory duties.

Because service of process was inadequate, the trial court did not have personal

jurisdiction over VOA and any default judgment entered against VOA is void. *See, e.g., Overhauser,* 549 N.E.2d at 73. Therefore, the trial court abused its discretion when it refused to grant VOA's motion for relief from the default judgment and when it refused to grant VOA's motion to correct errors. *See id.* For the foregoing reasons, we reverse the judgment of the trial court, set aside the default judgment against VOA, and remand for further proceedings consistent with this opinion.[3]

Reversed and remanded.

NAJAM, J. and RILEY, J., concur.

3. Because we reverse and remand based on Premier's inadequate service of process, we do not reach any issue about the basis for a money judgment against VOA or the existence or amount of any obligation of VOA to pay Parmerlee that would be subject to garnishment.