Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANTS:

**MICHAEL L. CARMIN**
**GREGORY A. BULLMAN**
Andrews Harrell Mann Carmin & Parker, P.C.
Bloomington, Indiana

ATTORNEYS FOR APPELLEES:

**ROBERT C. PRICE**
Price & Runnells
Bloomington, Indiana

**THOMAS A. BERRY**
Berry & Domer
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHERRI HILLENBURG and DENNIS HILLENBURG, | ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 53A04-1111-PL-615 |
| PAUL D. REEVES AND NORMA J. REEVES REVOCABLE TRUST; PAUL REEVES, NORMA J. REEVES and JOHN REEVES, | ) ) ) ) ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Elizabeth A. Cure, Judge
Cause No. 53C04-0907-PL-1934

**August 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Sherri and Dennis Hillenburg appeal the denial of their Motion to Correct Error filed in response to a judgment in favor of the Paul D. Reeves and Norma J. Reeves Revocable Trust, Paul Reeves, Norma J. Reeves, and John Reeves (collectively, "Reeves") regarding the ownership of a parcel of land situated between land owned by Hillenburgs and land owned by Reeves (the "Disputed Parcel"). Hillenburgs present multiple issues for our review, but we find one dispositive – whether the trial court erred when it determined Reeves established ownership of the Disputed Parcel through title by acquiescence. We affirm.

## FACTS AND PROCEDURAL HISTORY

The Disputed Parcel measures approximately twelve feet across at its widest point. Sometime prior to 1939, when Norma Reeves' parents, John and Janlee Holland, bought the Reeves parcel, a barbed wire fence was erected between the two parcels to separate the Reeves parcel from an orchard owned by the Adams Brothers. In 2008, Dennis Hillenburg surveyed his property and discovered the fence was on the Hillenburg parcel.

On July 31, 2009, Sherri Hillenburg filed a complaint against Reeves, alleging a dispute over who may use a passageway on the Disputed Parcel, whether there was trespass on the Disputed Parcel, and damages therefrom. Reeves answered and counterclaimed to quiet the title of the Disputed Parcel through adverse possession or title by acquiescence. In the counterclaim, Reeves named Dennis Hillenburg as a co-defendant.

After a bench trial, the court declared Reeves the owner of the Disputed Parcel by adverse possession and title by acquiescence. The Hillenburgs filed a Motion to Correct Error, which the trial court denied.

2

## DISCUSSION AND DECISION

A trial court has broad discretion in ruling on a motion to correct error. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). We will reverse only for an abuse of that discretion. *Id.* An abuse of discretion occurs if the decision was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law. *Id.*

Where, as here, a party has requested findings and conclusions under Indiana Trial Rule 52(A), our standard of review is well-settled. We must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Maxwell v. Maxwell*, 850 N.E.2d 969, 972 (Ind. Ct. App. 2006), *reh'g denied*, *trans. denied*. We will disturb the judgment only where there is no evidence supporting the findings or the findings do not support the judgment. *Id.* We do not reweigh the evidence and consider only the evidence favorable to the judgment. *Id.* Appellants must establish the findings are clearly erroneous, which occurs only when a review of the record leaves us firmly convinced a mistake has been made. *Id.* We defer substantially to findings of fact, but we do not defer to conclusions of law. *Id.* A judgment is clearly erroneous if it relies on an incorrect legal standard. *Id.* When a party requests findings and conclusions, a trial court is required to make complete special findings sufficient to disclose a valid basis under the issues for the legal result reached in the judgment. *Id.* The purpose of Rule 52(A) findings and conclusions is to provide the parties and reviewing courts with the theory on which the case was decided. *Id.*

3

In its order denying the Hillenburgs' motion to correct error, the trial court found, "Reeves proved by clear and convincing evidence all the requirements to establish title by acquiescence." (App. at 21.) The Hillenburgs argue this conclusion of law is in error, as "there was no Finding of any agreement – explicit or implicit – that the fence was the property line." (Br. of Appellant at 19-20.) We disagree.

Over a century ago, our Indiana Supreme Court explained the doctrine of title by acquiescence:

> As a general rule, it is affirmed by the authorities that where owners of adjoining premises establish by agreement a boundary or dividing line between their lands, take and hold possession of their respective tracts, and improve the same in accordance with such division, each party, in the absence of fraud, will thereafter be estopped from asserting that the line so agreed upon and established is not the true boundary line, although the period of time which has elapsed since such line was established and possession taken is less than the statutory period of limitation. The general rule recognized by the authorities is that a boundary line located under such circumstances, in the absence of fraud, becomes binding on the owners establishing it, not on the principle that the title to the lands can be passed by parol, but for the reason that such owners have agreed permanently upon the limits of their respective premises and have acted in respect to such line, and have been controlled thereby, and therefore will not thereafter be permitted to repudiate their acts.

*Adams v. Betz*, 167 Ind. 161, 169, 78 N.E. 649, 652 (1906). More recently, this court delineated specific circumstances under which a landowner may obtain a parcel of land via title by acquiescence:

> Two adjoining property owners (1) share a good-faith belief concerning the location of the common boundary line that separates their properties and, (2) although the agreed-upon location is not in fact the actual boundary, (3) use their properties as if that boundary was the actual boundary (4) for a period of at least twenty years.

4

*Huntington v. Riggs*, 862 N.E.2d 1263, 1274 (Ind. Ct. App. 2007), Friedlander, J. concurring,[1] *trans. denied.* The agreement between the two adjoining landowners "need not be express and may be inferred from the parties' actions, but there must be evidence of some agreement as to the boundary line." *Freiburger v. Fry*, 439 N.E.2d 169, 172 (Ind. Ct. App. 1982). An agreement regarding a boundary between adjoining properties other than the actual property line "is not only binding on those parties who agree but also their successors in interest as long as there was no fraud present in the making of the agreement." *Id.*

Reeves presented evidence that for over twenty years the adjacent property owners agreed the fence was the property boundary. The fence was in its current location when Reeves purchased the parcel in 1963, and since that time it has served as the boundary between the Reeves parcel and the adjoining property. During this time, Reeves maintained and used the Disputed Parcel as a recreation area, cut firewood, allowed the City of Bloomington to run a water line from Lake Monroe, and dug a trench to connect the Disputed Parcel to the water line.

Reeves testified he and Mr. Eads, who owned the adjoining parcel in the late 1970's both believed and agreed the fence was the boundary between their two properties. Reeves testified the two subsequent owners of the Hillenburg property, Spires and Andler, did not protest Reeves' use of the Disputed Parcel nor did they question whether the fence, then in disrepair, was the property boundary.

In 1986, the Hillenburgs bought the property adjoining the Reeves parcel. In 1999,

---

[1] The other panelists joined the concurring opinion.

Reeves removed trees from the Disputed Parcel and sold the timber. There is no evidence the Hillenburgs took issue with the removal of the timber at the time of its removal, nor does it appear the Hillenburgs contested the fence's status as the boundary between the properties until Dennis Hillenburg conducted a survey in 2008. By that time, Reeves and all the people who owned the adjacent parcel since 1963, including the Hillenburgs, had agreed the fence had been the boundary between the properties for over forty years. Therefore, we agree Reeves obtained title by acquiescence, and affirm the trial court's denial of the Hillenburgs' Motion to Correct Error.[2]

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.

---

[2] The Hillenburgs also appeal the denial of Sherri's claim for trespass, and they claim the trial court should have ruled on Dennis' motion for attorney fees. As the trial court properly found Reeves owns the Disputed Parcel, Sherri's trespass claim is moot. In its order denying the Hillenburgs' Motion to Correct Errors, the trial court stated, "Each party shall pay their [sic] own attorney fees and costs." (App. at 22.) Thus, the trial court did rule on Dennis' motion. As the Hillenburgs have not presented an argument why that ruling was in error, we are unable to address the issue.