**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**P. ADAM DAVIS**
Davis & Sarbinoff, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**MICHAEL R. AUGER**
Franklin, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BCC PRODUCTS, INC. and ROGER BRUNETTE, JR., | ) | |
| | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1201-CC-28 |
| | ) | |
| ROGER BRUNETTE, SR., and PAULINE BRUNETTE, | ) | |
| | ) | |
| | ) | |
| Appellees-Defendants. | ) | |
| | ) | |

| | |
|---|---|
| ROGER BRUNETTE SR., PAULINE BRUNETTE and BRUNETTE MARINE ASSOCIATES, INC., | ) |
| | ) |
| | ) |
| Counter-Plaintiffs/Third Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BCC PRODUCTS, INC. and ROGER BRUNETTE, JR., | ) |
| | ) |
| Counter-Defendants/Third Party Defendants. | ) |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Kevin M. Barton, Judge
Cause No. 41D01-0903-CC-452

**November 16, 2012**

**MAY, Judge**

Roger Brunette, Jr. (Junior) and BCC Products, Inc. (collectively, "Appellants"),

appeal portions of the trial court's decision in favor of Roger Brunette, Sr. (Senior), Pauline

Brunette, the Roger Brunette, Sr. Revocable Trust, the Pauline Brunette Revocable Trust, and

Brunette Marine Associates, Inc. (collectively, "Appellees"). In turn, Appellees cross-appeal

issues decided against them in the trial court's order. We affirm.

### FACTS AND PROCEDURAL HISTORY

On March 6, 2009, Appellants sued Appellees:

> . . . to recover a 2004 Black Chevy Avalanche Truck . . . for damages for
> issuance of a check for $4,770.00 without authorization . . . for damages for
> transfer of a Lincoln Town Car without authorization . . . for return of certain
> personal property; and . . . for treble damages under Indiana Code 34-24-3-1.

(Appellant's App. at 41.)[1] On May 19, Appellees filed an answer and asserted three

counterclaims:

> Count I – Breach of Lease between Roger Brunette and Pauline Brunette and
> BCC Products, Inc.
> Count II – Breach of Contract between BCC Products, Inc. and Brunette
> Marine Associates, LLC
> Count III – Breach of Contract between BCC Products, Inc. and Roger
> Brunette, Sr.

(*Id*. at 42.) On January 19, 2010, Appellees filed a motion for partial summary judgment

---

[1] The parties have not provided the original and amended complaints or the Appellees' answers and counterclaims in the record before us. We therefore rely solely on the reiteration of the issues by the trial court in its order.

based on Appellees' breach of lease counterclaim. On March 15, the trial court granted the motion in favor of Appellees with regard to liability in contract but awarded no damages therefor.

On May 14, Appellants filed a motion for summary judgment, and Appellees filed their motion in opposition to Appellants' motion for summary judgment and counter-motion for summary judgment. The trial court held hearings August 4 and September 8, and granted summary judgment for Appellants regarding Senior's issuance of a check for $4,770.00 without authorization and Senior's transfer of a Lincoln Town Car, reserving the issue of damages for trial. The trial court granted summary judgment for Appellees regarding the "three piles of personal property," (*id*. at 97), and a breach of contract claim involving Brunette Marine Associates, LLC. All other issues were reserved for trial.

On August 2, and September 20, 2011, the trial court held hearings regarding the remaining issues. On November 10, the trial court entered findings of fact and conclusions thereon. Based thereon, the trial court awarded BCC Products $42,735.00, Junior $620.00, and the Roger Brunette and Pauline Brunette Revocable Trusts $38,610.00. The trial court also awarded interest on all judgments and assessed the costs against Senior.

On December 12, Appellants filed a motion to reconsider and correct error; a motion for hearing on the motion to correct error; and motion for leave to submit newly discovered evidence. The trial court denied the motion for leave to submit newly discovered evidence as moot, denied the motion for a hearing, and granted the motion to reconsider and correct error. The trial court found its original order should have included a judgment for Appellant's

return of security deposit claim in the amount of $5,073.75. It awarded Appellants the amount for the security deposit claim, and it denied Appellant's claim for treble damages pursuant to Ind. Code § 34-24-3-1.

## DISCUSSION AND DECISION

A trial court has broad discretion in ruling on a motion to correct error. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). We will reverse only for an abuse of that discretion. *Id.* An abuse of discretion occurs if the decision was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law. *Id.*

The trial court *sua sponte* made findings of fact and conclusions thereon regarding Appellant's motion to correct error. When a trial court makes findings and conclusions *sua sponte*, our standard of review is well-settled:

> Where the trial court enters specific findings sua sponte, [ ] the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial.
> We apply the following two-tier standard of review to sua sponte findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility.

*Trust No. 6011, Lake County Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n*,

4

967 N.E.2d 6, 14 (Ind. Ct. App. 2012).

Pursuant to Indiana Appellate Rule 9(F)(5), a notice of appeal must contain a transcript of the proceedings if "the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence." The Appellants make multiple arguments that there was no evidence to support some of the trial court's findings. In their cross-appeal, Appellees rely on evidence designated as part of summary judgment. However, the final order was not based solely on the evidence designated as part of summary judgment. The trial court so noted in its final judgment: "The above cause of action came before the Court for trial by court on [the] date of August 2, 2011 and September 20, 2011." (Appellant's App. at 22.) The court's order on Appellant's motion to correct error was based on Appellant's contentions regarding the same evidence.

Our Indiana Supreme Court has addressed a party's failure to include a transcript on appeal when factual issues are presented and held "failure to include a transcript works a waiver of any specifications of error which depend upon the evidence." *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996) (quoting *Campbell v. Criterion Group*, 605 N.E.2d 150, 160 (Ind. 1992)). Further, our Appellate Rules require an argument "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be support by citations to authorities, statues, and the Appendix or parts of the Record on Appeal relied on[.]" App. R. 46(A)(8)(a). As neither party provided us transcripts of the multiple hearings held in this case, as the issues presented by both parties were fact-sensitive, and as the parties' arguments did not include support from citations to the transcript, all

issues presented by both parties are waived.[2]  Accordingly, we affirm the decision of the trial court.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.

---

[2] In addition to the Appellate Rule violations noted above, Appellants' counsel did not comply with App. R. 43(D), which provides "the typeface shall be 12-point or larger in both body text and footnotes."  In various parts of the Appellants' brief, the font size falls well below twelve-point, making the text difficult to read.