## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2017, 5:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alan W. Roles
Coleman, Roles & Associates, PLLC
Louisville, Kentucky

ATTORNEYS FOR APPELLEES

Richard R. Fox
Steven A. Gustafson
Fox Law Offices, LLC
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Katherine Fraze,

*Appellant-Plaintiff,*

v.

The Floyd County Health Department and The City of New Albany Department of Animal Control,

*Appellees-Defendants.*

February 13, 2017

Court of Appeals Case No. 22A01-1605-CC-982

Appeal from the Floyd Superior Court

The Honorable James H. Hancock, Judge

Trial Court Cause No. 22D02-1001-CC-210

**Robb, Judge.**

# Case Summary and Issue

[1] Katherine Fraze resides on property she owns in Floyd County, Indiana. She appeals the trial court's order that she vacate the premises and refrain from using it as a residence until such time as she obtains a sewer connection or completes the installation of a septic system approved by the Floyd County Health Department ("Health Department"). Fraze appeals, raising one issue for our review: whether the trial court abused its discretion in so ordering. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] Due to irregularities in the filing of materials in this appeal, the information we may rely on in describing the facts and procedural history of this case is extremely limited.[1] Since 1998, Fraze has resided in a recreational vehicle located on 130 acres she owns in Floyd County. A holding tank is attached to the RV for the disposal of waste water from the toilet, shower, and sinks. Prior

---

[1] Specifically, the transcripts of eleven hearings conducted during the pendency of this action were transmitted to this court but they are not transcripts prepared by the official court reporter in accordance with the appellate rules. *See* Ind. Appellate Rule 28. The Health Department pointed this out to the trial court in a Motion for Correction or Modification of Clerk's Record, and it appears the trial court struck the disputed transcripts and ordered Fraze to correct the record in compliance with the rules. Fraze did thereafter appropriately request the preparation of a transcript from the most recent of those eleven hearings, but for reasons not apparent to us, that official transcript has never been filed with this court. For this reason, we have not consulted the transcripts in our consideration of this case. In addition, three separate packets of exhibits have been transmitted to this court. Two of the packets list the date of the hearing during which they were introduced; the third has no identifying information whatsoever. Because we are not aware of who provided these exhibits, nor are they in conformity with the appellate rules, *see* App. R. 29, we have also not considered them, leaving us only with the appendices provided by the parties.

to 2010, Fraze also operated a dog rescue organization on her property. In December 2009, two people came to Fraze's property to inquire about adopting a dog. Whilst there, they were bitten, and a report was made to the Indiana State Department of Health. In early January 2010, representatives from the county Health Department arrived at Fraze's property to investigate. On January 12, 2010, the Health Department served Fraze with a Notice of Violation and Order to Abate, notifying Fraze that her property was "unfit for human habitation and dangerous or detrimental to life or health" for the following reasons: there was dog waste all over the yard; a holding tank is only allowed to provide onsite sewage disposal for up to one year; there was miscellaneous debris around and inside the residence; and the property was in an unsanitary condition, including the lack of running water. Appellant's Appendix Vol. 1 at 79. The Health Department ordered Fraze to clean up the dog waste in the yard and the miscellaneous debris in and outside the home, and to contact a soil scientist for a soil test, a licensed installer for installation of a septic system, and the Health Department for a septic permit, all by January 27, 2010.

[3] At some point after receiving this notice, Fraze requested from the Health Department an extension of time to comply, which the Health Department did not grant. Instead, on January 27, 2010, the Health Department served Fraze with a Notice of Violation and Order to Vacate, noting her dwelling is unfit for human habitation because it had no septic system, had dog waste in the yard, and had miscellaneous debris inside and outside the residence. Accordingly,

the dwelling was declared a public nuisance and she was ordered to vacate the dwelling within five days. On January 28, 2010, Fraze filed a Petition for Review of Notice of Violation and Order to Vacate with Floyd Superior Court asking the Notice and Order be set aside. The trial court granted her a temporary motion to stay and set a hearing.

[4] The trial court held an emergency hearing on February 4, 2010. At the conclusion of the hearing, the trial court issued an order stating that the Health Department's order to abate and order to vacate were proper but that Fraze's request for an extension of time to comply was reasonable and should have been granted. The order therefore granted her six months from the date of the hearing to comply with the laws governing sanitary systems and running water. At a review hearing on September 13, 2010, the trial court found Fraze was in compliance regarding running water, but not yet in compliance regarding the septic system. She was ordered to "make affirmative steps to conform with the laws of Floyd Co. within 21 days." *Id.* at 5.

[5] Several review hearings were held and interim orders were entered over the course of the next five years.[2] On November 19, 2015, the Health Department

---

[2] Concurrent with the proceedings regarding the sanitary system, proceedings were held regarding Fraze's compliance with Floyd County animal control ordinances. That aspect of the case was discussed in a previous appeal. *Fraze v. Floyd Cnty. Health Dep't*, No. 22A04-1402-CC-62 (Ind. Ct. App. June 30, 2014) (holding Fraze's motion to reconsider or, in the alternative, to correct error with respect to a September 2010 order limiting the number of dogs she could keep on her property was untimely because it was filed in November 2013, despite ongoing status conferences and contempt proceedings conducted in the interim), *trans. denied*.

filed a motion for summary judgment, seeking enforcement of the trial court's prior order affirming the Health Department's notice of violation and order for Fraze to vacate the premises until such time as she makes permanent arrangements for running water and sewage disposal and receives Health Department approval. The Health Department asserted the trial court's order of February 4, 2010 was the law of the case, that Fraze had not exhausted administrative remedies for seeking an exemption from the sewage disposal regulations, and that "[t]here are no longer any grounds for appealing this [c]ourt's prior orders and no valid reason not to put them into effect." *Id.* at 51. Fraze objected to the entry of summary judgment for the Health Department and filed her own Motion for Summary Judgment on Issue of Whether Plaintiff is Required to Install a Septic Tank on February 16, 2016. Fraze's motion for summary judgment alleged the Health Department cannot require her to cease utilizing a holding tank and convert to a septic system because:

> (a) The installation of a septic system on [her] property would be cost prohibited;
> (b) The topography of [her] land will not support a septic system;
> (c) There are no health problems or harm to the public resulting from [her] utilizing a holding tank attached to her recreational vehicle for disposal of waste;
> (d) There is no danger to the environment as a result of [her] use of the holding tank attached to her recreational vehicle, which does not leak and is cleaned and serviced regularly;
> (e) [Her] recreational vehicle is moved within every one hundred and eighty days (180) and is not a permanent structure;
> (f) [She] has lived in a recreational vehicle since 1998, prior to the adoption of the Floyd County Zoning Ordinance in 2006 prohibiting the use of a recreational vehicle as a residence and to

require her to vacate the premises at this time would be an *ex post facto* application of the Ordinance; and

(g) To require [her] to cease in using a holding tank and install a costly septic system would be an exercise in selective enforcement of the law.

*Id.* at 109-10.

[6] The trial court entered an order on the motions for summary judgment on March 8, 2016, granting the Health Department's motion and denying Fraze's:

> [Fraze] is Ordered to vacate the premises, and is enjoined from using the land at issue as a residence, until such time as she obtains either a sewer connection, or completes the installation of a septic tank and system approved by the [Health Department].

*Id.* at 25. Fraze thereafter filed a motion to correct error and a motion to stay. The motion to correct error, in addition to reiterating the arguments made in her motion for summary judgment, also alleged the trial court ignored the law applicable to campgrounds and enforcement of the prior order amounts to a taking of her property for public use without compensation. The trial court denied both motions and this appeal ensued.

# Discussion and Decision

## I. Timeliness of Appeal

[7] Fraze contends "the Order of the trial court directing Fraze to vacate the premises and install a septic system should be reversed." Appellant's Brief at

31.  Before we address the merits of her appeal, however, we must address the Health Department's contention that her appeal is untimely.

[8]  We begin with the statutes that control the procedure herein.  Indiana Code section 16-41-20-1 defines a dwelling as "unfit for human habitation" if it is "dangerous and detrimental to life or health" for any of several reasons, including "[d]efects in the drainage, plumbing, lighting, ventilation, or construction," or the existence of "an unsanitary condition that is likely to cause sickness among occupants of the dwelling."  Whenever the appropriate entity[3] determines that a dwelling is unfit for human habitation, that entity "may issue an order requiring all persons living in the dwelling to vacate the dwelling within not less than five (5) days and not more than fifteen (15) days."  Ind. Code § 16-41-20-4.  The entity issuing an order to vacate "shall, for a good reason, extend the time within which to comply with the order[,]" Ind. Code § 16-41-20-5(a), and may revoke the order if it is satisfied the danger has ceased to exist and the dwelling is fit for habitation, Ind. Code § 16-41-20-5(b).  The entity may also declare a dwelling that is unfit for human habitation a public nuisance and order, among other things, "the plumbing, sewerage, drainage, light, or ventilation of the dwelling" be "removed, abated, suspended, altered, improved, or purified[.]"  Ind. Code § 16-41-20-6.

---

[3] This could be the state board of health, a local board of health, or the county health officer.  *See, e.g.,* Ind. Code § 16-41-20-4.  Here, it is the Floyd County Health Department.

[9] A person who is the subject of an order issued under Indiana Code chapter 16-41-20 may, within ten days of the order, file a petition in circuit or superior court seeking review of the order. Ind. Code § 16-41-20-9(a). "The court shall hear the appeal. The court's decision is final." Ind. Code § 16-41-20-9(b). If no appeal is taken within ten days, the order of the issuing entity "is final and conclusive." Ind. Code § 16-41-20-11(c).

[10] Here, the Health Department found Fraze's dwelling unfit for human habitation in part due to defects in the plumbing and the existence on the premises of an unsanitary condition in the form of an unsatisfactory and illegal waste disposal system. The Health Department also found Fraze's dwelling to be a public nuisance. Accordingly, the Health Department issued both an order to vacate and an order to abate. Fraze requested an extension of time to comply with the order to vacate and then filed a petition for judicial review within ten days of the order to abate. The trial court held an emergency hearing, at the conclusion of which it entered an order that stated, "[t]he Court finds the [Health Department] properly and timely filed it Order to Abate and Order to Vacate." Appellee's App. Vol. 2 at 2. The trial court, therefore, affirmed the Health Department's orders, although it extended the time for Fraze to comply with the order to vacate in order to give her time to comply with the order to abate. Pursuant to Indiana Code section 16-41-20-9(b), the court's decision on judicial review of the Health Department's orders was final.

[11] Because the trial court's order on February 4, 2010, was a final decision regarding the propriety and validity of the Health Department's orders, Fraze

would have needed to file a motion to correct error with the trial court or a notice of appeal with this court within thirty days in order to challenge those orders further. *See* Ind. Trial Rule 59(C); Ind. Appellate Rule 9(A)(1). She did not do so. Therefore, she may not now challenge the merits of whether or not she must improve the sewerage – that issue was settled by the trial court's 2010 order.[4] The proceedings that followed in the next six years were essentially a series of compliance hearings. They were not conducted to determine *if* Fraze had to improve her property in order to make it fit for habitation, but whether she had in fact done so or was at least taking affirmative steps toward doing so. For reasons not completely apparent to us from the state of the record provided, the trial court repeatedly granted Fraze additional time to comply with the Health Department's orders. She has, however, never been relieved of her obligation to abate the issue. Therefore, the only issue we may address in this appeal is whether the trial court properly granted judgment to the Health Department enforcing its prior order.[5]

---

[4] The trial court made a similar conclusion in its March 8, 2016, order, noting Fraze had already been ordered by the court to establish a permanent sewage disposal plan if she intended to continue living on the land and concluding that because she had not appealed that order, she can no longer challenge the substance of the order. Fraze's contention that because the Chronological Case Summary does not list any order in this case as a "Final Order or a Judgment," there has been no such final judgment, is incorrect. A final judgment is not a final judgment because the order *is specifically designated as such*; it is final if it meets the definition of a "final judgment" in the appellate rules. For our purposes, a judgment is a final judgment if it "disposes of all claims as to all parties." App. R. 2(H)(1). The trial court's order of February 4, 2010, disposed of the only claim before the court on judicial review: whether the Health Department orders were valid and enforceable.

[5] Thus, we will not address, for example, Fraze's apparent late-in-the-game assertion that she does not have to comply with the order to abate because she is in fact operating a campground or because the RV in which she has lived for at least seventeen years is not a permanent structure subject to the sewage disposal regulations.

# II. Judgment for the Health Department

## A. Standard of Review

[12] Fraze appeals from the trial court's denial of her motion to correct error. The motion to correct error was addressed to the trial court's grant of summary judgment to the Health Department upon determining the prior order to vacate should be enforced.[6]

[13] We generally review a trial court's ruling on a motion to correct error for an abuse of discretion. *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013). In so doing, we afford the trial court's decision "a strong presumption of correctness." *Id.* (citation omitted). We reverse only where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs on a matter of law. *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013). In making our determination, we may neither reweigh the evidence nor judge the credibility of witnesses. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2011). Instead, we look at the record to determine if: "(a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant; or (c)

---

[6] We have our doubts as to whether a motion for summary judgment was the appropriate vehicle to bring this case to a resolution at this stage since the Health Department was requesting relief with respect to a judgment it already had, but we focus on the substance of the relief requested: whether or not a previously issued order should be enforced.

a very strong case for relief from the trial court's [order] . . . has been made by the appellant." *Id.* (alterations in original).

[14] On review of a motion for summary judgment, our standard is the same as that of the trial court: relying only on the evidence designated by the parties and construing all facts and reasonable inferences in favor of the non-moving party, we will affirm the grant of summary judgment "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C); *City of Beech Grove v. Beloat*, 50 N.E.3d 135, 137 (Ind. 2016). On appeal from the grant of summary judgment, the non-moving party has the burden of persuading us that the trial court's ruling was erroneous. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Although findings in a summary judgment order offer valuable insight into the trial court's rationale, they are not required in summary judgment proceedings and are not binding on appeal. *Wooten v. Caesars Riverboat Casino, LLC*, 63 N.E.3d 1069, 1073 (Ind. Ct. App. 2016).

## B. Denial of Motion to Correct Error

[15] The sole issue on appeal is whether the trial court abused its discretion in denying the motion to correct error because Fraze should not have to comply with the Health Department's orders.

[16] Based upon our review of the record, we cannot say the trial court abused its discretion. The trial court addressed each of Fraze's contentions, even those it was not obligated to address because they had long-ago been decided. The

court noted that Fraze represented to the court at a review hearing in October 2010 she had contacted an expert regarding a plan for installing a septic system. The trial court ordered Fraze to consult with her expert to submit a complete plan and coordinate approval of the plan; however, she never completed the process so as to obtain a final decision by the Health Department as to a proposed septic system. Instead, she continued to reside in her RV using the existing holding tank in defiance of the Health Department's orders which were confirmed by the trial court on judicial review. When finally pressed five years later to either actually abate the problem or vacate the premises, Fraze asked the trial court to find her exempt from the requirement that she install a conforming residential sewage disposal system for any number of reasons, including prohibitive cost, impracticability due to the topography of her land, and inapplicability because her living situation is not subject to the sewage disposal requirements, as well as asserting various purported constitutional claims.

[17]     "If any conditions preclude the installation of a residential on-site sewage system . . .," the local board of health may approve a specific application requesting the use of another residential on-site sewage system technology if written approval is obtained from the state department of health. 410 Ind. Admin. Code 6-8.3-52(g). It does not appear that Fraze ever made an application to the Health Department seeking approval of an alternate system. As the trial court noted, she is now asking the trial court to approve an alternate system from that required by the regulations "that only the Floyd County

Health Department or the State of Indiana has the right to approve." Appellant's App. Vol. 1 at 22. This failure to exhaust administrative remedies precludes the trial court's action on Fraze's request to obtain relief from the Health Department's orders. We require pursuit of administrative remedies before resort to the courts to avoid premature litigation and allow administrative agencies to correct their own errors. *Carter v. Nugent Sand Co.*, 925 N.E.2d 356, 360 (Ind. 2010). For this reason, too, Fraze's constitutional arguments are unavailable at this juncture. "Even if the ground of complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." *Id.* (quotation omitted).

[18] The Health Department determined in 2010 that Fraze's dwelling was unfit for human habitation in its existing state, and ordered her to fix the problem or vacate the premises. The trial court affirmed that determination on judicial review and yet afforded Fraze years to fix the problem without requiring her to vacate the premises. Despite this, Fraze has not shown that she has fixed the problem in the ensuing six years, nor has she taken the appropriate steps to be relieved of the obligation to fix the problem. Given these lengthy proceedings and the grace extended to Fraze throughout, we cannot say a "flagrant injustice" has been done to Fraze by the trial court finally enforcing its order of six years ago, nor has she made a "very strong case for relief" from the trial court's order that she vacate the premises and be enjoined from using the land

as a residence until and unless she installs an on-site sewage disposal system approved by the Health Department. *Volunteers of Am.*, 755 N.E.2d at 658.

# Conclusion

[19] The trial court did not abuse its discretion in denying Fraze's motion to correct error, and the trial court's order of March 8, 2016, is affirmed.

[20] Affirmed.

Kirsch, J., and Barnes, J., concur.