## THOMAS' ESTATE *v.* SNYDER.

[No. 2,444.    Filed May 10, 1898.]

APPEAL AND ERROR.—*Assignment of Error.—Waiver.*—Errors assigned are waived if not discussed.  *p. 147.*

SPECIAL FINDINGS.—*Practice.*— Complaint cannot be made of the failure of the court to itemize in the special findings the several amounts for which judgment was rendered where no motion was made to that effect.  *p. 147.*

EVIDENCE.—*Weight.*—The Appellate Court will not reverse a judgment on the weight of the evidence where there was some evidence to sustain the judgment.  *pp. 147, 148.*

From the Tipton Circuit Court.    *Affirmed.*

*Swoveland & Pike* and *R. B. Beauchamp,* for appellant.

*Dan Waugh, J. P. Kemp* and *J. N. Waugh,* for appellee.

COMSTOCK, J.—This is a claim of appellee against the estate of John Thomas, deceased, for work and labor performed for him, at his request, during his lifetime, amounting to $3,796; for wheat furnished decedent during his life time of the value of $44.08, and for taking care of the stock of decedent between the date of his death and the sale of the same, $10.00.    A demurrer to the complaint was overruled and the issue formed by general denial.    The cause was submitted for trial to the court, and upon request of the defendant a special finding of facts was made and conclusions of law stated, upon which judgment was rendered in favor of appellee for $2,049.

Thomas' Estate *v.* Snyder.

Appellant excepted to the conclusions of law, filed a motion for a *venire de novo*, a motion for a new trial, and a motion in arrest of judgment, all of which motions were overruled, to which rulings exceptions were duly taken. The only errors assigned upon appeal, which are discussed, are the overruling of the motion for a *venire de novo* and the motion for a new trial. The others, under the well known rule are waived.

The grounds for the motion for the *venire de novo* are: (1) That the special findings of the court are so defective, uncertain and ambiguous that no judgment can be rendered thereon; (2) "the findings contain the evidence and not the facts established by the evidence." Neither of these grounds can be maintained by the record.

Appellant's counsel, upon this assignment, say that as appellee's claim consists of many items of account extending over a period of many years, for different kinds of service, that the findings should have been definite as to the amount found due on each item. The court found the total amount due for work, and the separate amount due for wheat claimed by appellee. If the appellant desired an itemized statement of the amount allowed for each kind of service rendered, he should have moved the court for such finding. This was not done, and it is now too late to make complaint.

The reasons specified in the motion for a new trial are that the damages assessed are excessive; that the amount of recovery is too large; that the special findings of the court are not and each of them is not sustained by sufficient evidence; that the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law, and that the decision of the court is contrary to the evidence.   In

discussing this assignment of error, counsel for appellant say: "We are not seeking a reversal of the entire cause on account of the insufficiency of the evidence, or the want of evidence to support the finding and judgment of the court below, but ask a reversal on account of there being a want of evidence to support a portion of the judgment."

We have examined the evidence, and although it affirmatively appears from the record that all the evidence is not before us, and that there is some conflict as to the value of the services, there is evidence from which the court might have assessed the amount on which judgment was rendered, and under the rule that appellate courts will not weigh evidence, we cannot say that the amount of the judgment was excessive. We find no error. Judgment affirmed.