**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 23 2014, 10:53 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANTS PRO SE:

**JESSE CLEMENTS**
Indianapolis, Indiana

**GERSH ZAVODNIK**
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**BETH A. GARRISON**
Office of the Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSE CLEMENTS and GERSH ZAVODNIK, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-MI-622 |
| | ) | |
| THE HONORABLE JOHN HANLEY and MARION SUPERIOR COURT 11, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
Cause No. 49D06-1305-MI-20140

**September 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jesse Clements and Gersh Zavodnik (collectively, "Appellants") appeal the denial of their motion to correct error. We affirm.

## FACTS AND PROCEDURAL HISTORY[1]

On April 15, 2013, Appellants wrote a letter to the Court Reporter of Marion County Superior Court 11 indicating they would "like to listen to the following public record: The audio tape of the April 12, 2013-hearing [sic] that occurred at 10:00am [sic] on Cause no: 49D11-1107-CT-028895." (App. at 18.) Appellants made the request "to inspect public records pursuant to the Indiana Access to Public Records Act [APRA] (Ind. Code 5-14-3, *et. seq.*)." (APRA Request) (*Id.*) On April 22, the Court Administrator responded, indicating the court had "initiated a search of its public records to identify and collect those records, if any, which [sic] are responsive to your request." (*Id.* at 20.)

On May 1, the trial court, Judge John Hanley presiding ("Hanley Court"), issued an order granting Appellants' APRA Request. In its order, the Hanley Court indicated, "Audio

---

[1] Indiana Appellate Rule 46(A)(6) requires parties on appeal to provide a statement of facts that includes those "facts relevant to the issues presented for review" and that is "in narrative form." Appellants' statement of facts is not in narrative form and it includes facts that are not relevant to the issues presented for our review. Appellants' summary of the argument, which is five pages long, violates our Appellate Rules by not being succinct. *See* App. R. 46(A)(7) (The summary of the argument "should contain a *succinct*, *clear* and accurate statement of the arguments made in the body of the brief.") (emphasis added). Finally, the summary of the argument contains this plea to the reader:

> YOU that remain must view this issue like a lawyer [as defined by the Rules of Professionalism] and a judge [as defined by the Code of Conduct], that is, dispassionately and with constant introspection, empathy and a zeal to honor YOUR oaths. This is the time where society learns YOUR published principles are reality or window dressing to conceal that Indiana's Courts are substantially political and corrupt. YOU are going to decide right now, whether or not YOU are a member of the Marion County judiciary goon squad and propaganda machine or a brave American Patriot. If YOU support the law in favor of the subject pro se Appellants with respect to their allegations of bias and animus; YOU will pay a political and social price.

(Br. of Appellant at 9) (errors and emphasis in original). Such content does not comply with the Appellate Rules because it does not contain language relevant to our determination of the issues on appeal.

2

inspection shall commence only upon final execution by [Appellants] of the individual 'Acknowledgment' forms provided by the Court and attached to this Order." (*Id.* at 27.) The acknowledgment quoted Judicial Conduct Rule 2.17:

> Except with prior approval of the Indiana Supreme Court, a judge shall prohibit broadcasting, televising, recording, or taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions, except that a judge may authorize:
> (1) the use of electronic or photographic means for the presentation of evidence, for the perpetuation of a record, or for other purposes of judicial administration;
> (2) the broadcasting, televising, recording, or photographing of investitive, ceremonial, or naturalization proceedings;
> (3) the photographic or electronic recording and reproduction of appropriate court proceedings under the following conditions:
> > (a) the means of recording will not distract participants or impair the dignity of the proceedings;
> > (b) the parties have consented, and the consent to being depicted or recorded has been obtained from each witness appearing in the recording and reproduction;
> > (c) the reproduction will not be exhibited until after the proceeding has been concluded and all direct appeals have been exhausted; and
> > (d) the reproduction will be exhibited only for instructional purposes in educational institutions.

The Hanley Court's acknowledgment required Appellants to

> acknowledge and agree that I will not copy or broadcast said recording, that I will not add to or delete from said recording, and that I will not in any way alter said recording. I further understand and acknowledge that I may take notes of the audio recording as I listen to it.

(App. at 28.) Because Appellants refused to sign the acknowledgment, they were not permitted access to the audio recording.

Prior to the Hanley Court's decision to provide access to the recording with the signed acknowledgment, Appellants filed a Formal Complaint with the Public Access Counselor for

3

the State of Indiana, alleging the Marion Superior Court violated the Indiana APRA by "failing to produce records requested within a reasonable time." (*Id*. at 21.) The Public Access Counselor decided Marion Superior Court had not violated APRA because, by the time the Counselor reviewed the case, the Hanley Court had made "the requested records available to [them] for inspection as provided in the Order issued by the Court on May 1, 2013." (*Id*. at 23.)

On May 13, 2013, Appellants filed a Verified Complaint to Compel Disclosure of Public Records and For Damages in Marion County Superior Court, alleging Judge Hanley "fail[ed] or refus[ed] to provide them with public records to which they are legally entitled." (*Id*.) On May 17, the trial court, Judge Thomas Carroll presiding ("Carroll Court"), dismissed the complaint with prejudice, stating:

> The Plaintiffs, both well known to the Marion County judiciary as serial *pro se* filers, for a number of years have unnecessarily clogged our court system with voluminous filings and motions in numerous cases, none of which has shown any merit. This case is merely a continuance of the same abusive, outrageous, impertinent, immaterial, slanderous filings, some of which were filed individually, or, more recently filed jointly, that they have visited upon the court system of Marion County. The Complaint in this case involves an audio disk in Judge Hanley's court which they claim he denied them access to when in fact he did give them access to it. He required an acknowledgment pursuant to Rule 2.17 of the Indiana Code of Judicial Conduct, which they refused to do.
> This Court will not allow itself to be used as a forum for these *pro se* serial filers to conduct their babble and scandalous attacks on members of this judiciary.
> For that reason this cause is dismissed, with prejudice.

(*Id*. at 64-5) (italics added).

On June 17, Appellants filed a Verified Motion to Correct Error, alleging eleven

different errors, attacking the facts stated and legal reasoning in the Carroll Court's dismissal; attacking the Carroll Court's jurisdiction to decide Appellants' case; and alleging "JUDGE CARROLL [sic] DISMISSAL FLOUTS RULE 12(B)(6)[,]" "JUDGE CARROLL CONSDIERED [sic] MATTERS OUSIDE THE PLEADINGS AND FAILED TO FOLLOW RULE 56 PROCEDURES[,]" "JUDGE CARROLL IS ACTING IN SELF-INTEREST[,]" "JUDGE CARROLL IS INAPPROPRIATELY INFLUENCING, INTERFERING AND OBSTRUCTING WITH [sic] THE ADMINISTRATION OF JUSTICE[,]" "JUDGE CARROLL'S ORDER EVIDENCES A GREATER CORRUPTION OF THE MARION COUNTY JUDICIARY[,]" "JUDGE CARROLL'S ORDER EVIDENCES PERSONAL, JUDICIAL and CLASS BIAS AND THIS BIAS IS PART OF A LARGER PATTERN OF *PRO SE* BIAS[,]" "JUDGE CARROLL'S ORDER EVIDENCES HIS BELIEF THAT HIS OVERSEERS ARE BIASED AGAINST THE SELF-REPRESENTED[,]" and "JUDGE CARROLL'S ORDER WAS RENDERED IN BAD FAITH WARRANT [sic] AN INVESTIGATION." (*Id*. at 44-61) (emphasis in original).  The Carroll Court denied the motion to correct error.

## DISCUSSION AND DECISION

We first note Appellants proceed *pro se*.  Litigants who proceed *pro se* are held to the same established rules of procedure that trained counsel is bound to follow.  *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*, 558 U.S. 1074 (2009).  One risk a litigant takes when proceeding *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish.  *Id*.  When a party

5

elects to represent himself, there is no reason for us to indulge in any benevolent presumption

on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v.*

*Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

1.      Motion to Correct Error

A trial court has broad discretion in ruling on a motion to correct error. *Volunteers of*

*Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). We will

reverse only for an abuse of that discretion. *Id.* An abuse of discretion occurs if the decision

was against the logic and effect of the facts and circumstances before the court or if the court

misapplied the law. *Id.*

The issue over which we have jurisdiction, whether the Carroll Court erred when it

dismissed Appellants' complaint, is based on the Carroll Court's interpretation of the statutes

and rules concerning public access to court records. Our standard of review involving

statutory interpretation is well settled:

> A question of statutory interpretation is a matter of law. In such interpretation,
> the express language of the statute and the rules of statutory interpretation
> apply. We will examine the statute as a whole, and avoid excessive reliance on
> a strict literal meaning or the selective reading of words. Where the language
> of the statute is clear and unambiguous, there is nothing to construe. However,
> where the language is susceptible to more than one reasonable interpretation,
> the statute must be construed to give effect to the legislature's intent. The
> legislature is presumed to have intended the language used in the statute to be
> applied logically and not to bring about an absurd or unjust result. Thus, we
> must keep in mind the objective and purpose of the law as well as the effect
> and repercussions of such a construction.

*Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008) (internal citations omitted), *trans.*

*denied.*

6

Appellants' initial request was to "inspect public records pursuant to the Indiana Access to Public Records Act (In. Code 5-14-3, et. seq.)." (App. at 18.) Specifically Appellants wanted to "listen to the following public record: The audio tape of the April 12-2013 hearing that occurred at 10:00am on Cause no: 49D11-1107-CT-028895." (*Id*.) As defined by Ind. Code § 5-14-3-2(h):

> (h) "Inspect" includes the right to do the following:
>    (1) Manually transcribe and make notes, abstracts, or memoranda.
>    (2) In the case of tape recordings or other aural public records, to listen and manually transcribe or duplicate, or make notes, abstracts, or other memoranda from them.
>    (3) In the case of public records available:
>        (A) by enhanced access under section 3.5 of this chapter; or
>        (B) to a governmental entity under section 3(c)(2) of this chapter;
>    to examine and copy the public records by use of an electronic device.
>    (4) In the case of electronically stored data, to manually transcribe and make notes, abstracts, or memoranda or to duplicate the data onto a disk, tape, drum, or any other medium of electronic storage.

While the APRA provides, "[a]ny person may inspect and copy the public records of any public agency during the regular business hours of the agency except as provided in section 4 of this chapter[,]" Ind. Code § 5-14-3-3(a), Appellants requested only to "inspect" the "audio tape," and specifically to "listen" to it.

Therefore, as they did not ask to copy the record, and instead requested only to "listen" to it, we cannot hold that the Carroll Court abused its discretion when it denied Appellants' motion to correct error because Appellants were not denied access to listen to the record requested. Instead, Appellants refused to sign an acknowledgment that they would not engage in activity they had not requested as part of their APRA Request. As they did not ask

7

to copy the record in their original request, or in their Verified Complaint to Compel Disclosure of Public Records and For Damages, we cannot now address their allegations that the trial court - the Hanley Court or the Carroll Court - denied them their right to copy under APRA. *See Thomas' Estate v. Snyder*, 20 Ind. App. 146, 50 N.E. 398, 398 (1898) (when appellant did not ask the trial court to complete an action, he could not later, on appeal, request that same action).

2.      Additional Issues

Appellants present a multitude of issues for our consideration, but the only issue properly before us is the denial of their motion to correct error. However, to clarify for the Appellants the limits of appellate jurisdiction, we will explain why we are unable to address their other issues.

a.      Recusal or Disqualification

In their brief, Appellants present the issue, "Did the trial court abuse its discretion by not disqualifying?" (Br. of Appellants at 1) (italics omitted). In their motion to correct error, Appellants asserted "Judge Carroll's behavior demonstrates that he lacks the integrity, honesty, temperament, independence or maturity to be connected with the United States Legal system in any way[,]" (App. at 62), and thus Judge Carroll should have recused or disqualified from the case.

We presume a judge is unbiased. *In re Guardianship of Hickman*, 805 N.E.2d 808, 814 (Ind. Ct. App. 2004), *trans. denied*. "In order to overcome that presumption, the appellant must demonstrate actual personal bias." *Id*. "Merely asserting bias and prejudice

8

does not make it so." *Smith v. State*, 770 N.E.2d 818, 823 (Ind. 2002). Although Appellants'

motion to correct error and appellate brief contain multiple allegations of bias, the Appellants

have not demonstrated, through evidence or argument, that Judge Carroll was biased against

them.

        b.     Due Process

Appellants argue they were denied due process because the trial court did not hold a

hearing on their motion to correct error. However, a hearing on a motion to correct error is

not required when there is sufficient evidence in the record from which the trial court can

render a decision. *See In re Estate of Wheat*, 858 N.E.2d 175, 185 (Ind. Ct. App. 2006). We

explained in *Wheat*:

> In any event, Indiana Trial Rule 59(H)(1) states that a motion to correct error based upon evidence outside the record "*shall* be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits *shall* be served with the motion." (Emphasis supplied). To the extent that the [Appellant] wished the trial court to consider such evidence, she may not now argue that she would have presented it at a hearing where she has failed to present it, as required, along with her motion to correct errors. Given this information, it appears that the trial court had all of the evidence before it necessary for its ruling on the motion to correct errors.

*Id*. at 186. The same is true in the instant case. As Appellants were required to support their

motion to correct error with affidavits to prove their assertions, and they did, the trial court

had sufficient information to make a decision on the motion.

        c.     Judicial Bias

In their brief, Appellants present the following additional issues: "Should the

presumption that a judge is unbiased be rebuttable by a preponderance of any evidence of

personal or judicial bias?"; "Are Indiana's Higher Courts biased against the self-represented?"; and "Are *pro se* litigants an invidious class in Indiana?" (Br. of Appellant at 1) (non-essential italics omitted). Appellate courts do not render advisory opinions on abstract questions of law that do not correct errors injurious to the appellant. *Hall v. State*, 493 N.E.2d 433, 434 (Ind. 1986). We therefore cannot address those matters.

## CONCLUSION

As the Appellants have not demonstrated their motion to correct error was improperly denied, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.