Darryl Eugene JONES, Appellant–
Petitioner,

v.

Carolyn Louise JONES, Appellee–
Respondent.

No. 03A01–0609–CV–375.

Court of Appeals of Indiana.

May 22, 2007.

Kathleen Tighe Coriden, Coriden Law Office, LLC, Columbus, IN, Attorney for Appellant.

Timothy J. Vrana, Timothy J. Vrana LLC, Columbus, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Darryl Eugene Jones ("Husband") appeals the trial court's grant of Carolyn Louise Jones' ("Wife") motion to correct error.

We affirm.

### ISSUE

Whether the trial court abused its discretion in granting Mother's motion.

### FACTS

On June 20, 2005, Husband filed a petition for dissolution of his marriage. According to the petition, the parties married on January 4, 1986, and there were two children born of the marriage on August 1, 1986, and December 26, 1989, respectively. An evidentiary hearing was held by the trial court on March 31, 2006. Evidence established that throughout the marriage, Wife had been employed outside the home. On Monday, May 15, 2006, the trial court issued a dissolution decree ("Decree").

Eight days later, on Wednesday, May 24, 2006, Wife filed her motion to correct error. In her motion, Wife's counsel alleged that his office had received a message from the court on Monday, May 8, 2006, requesting proposed decrees; that counsel had not received the message until late that day, was out-of-state on May 9th and 10th, and had other commitments upon his return; and that as a result, counsel had been unable "to prepare the proposed decree prior to the Court's execution of its Dissolution of Marriage on Monday, May 15th." (App. 26). The motion further stated that the trial court had not given the parties any time frame for submission of proposed decrees, either at the conclusion of the hearing or in the message, and that the common practice was to allow seven to ten days for such a submission. The motion then presented eight pages of argument, based on the evidence presented at the final hearing and supporting legal authority, that challenged the specific provisions of the Decree—including custody and the valuation and division of the marital estate. Husband filed no brief in opposition.

The trial court held a hearing on Wife's motion on June 22, 2006. At the hearing, the parties agreed on and resolved three matters that were previously contested and which were the subject of provisions in the Decree. Also, Wife testified that if awarded the marital residence, she would be able to make the necessary mortgage payments. Wife's counsel pressed the legal arguments asserted in her motion to correct error, including that (1) the 45% Husband/55% Wife division of marital assets was unfair inasmuch as the $460,000 value of Husband's VA disability benefits—that would inure solely to Husband's benefit—far exceeded the remaining sum of $159,101.45 found by the trial court to constitute divisible marital assets; and (2) the trial court erred when it neither awarded the custody of the older son nor declared him emancipated, which was contrary to the evidence. Husband argued that the Decree properly decided all issues.

On August 3, 2006, the trial court issued its order on the motion to correct error. The trial court found that "several of the disputed issues" had been resolved mutual-

ly by the parties. (App. 39). The trial court then stated that "[a]fter due consideration of all evidence submitted in this matter and legal arguments," it found "that the Dissolution Decree of May 15, 2006, should be amended in certain regards," and entered an "Amended Dissolution Decree" ("Amended Decree"). (App. 40). The Amended Decree awarded the marital residence and custody of both sons to Wife and divided the marital assets to effect "an overall sixty-three/thirty-seven (63/37) percent division[1] which the Court feels to be equitable in light of the disparity in the parties' economic circumstances, the parties' current wages and all other [statutory] factors."[2] (App. 48).

## DECISION

■■■ The trial court is permitted to alter, amend, or modify its judgment without limitation "up to and including the ruling on a motion to correct error." *Rohrer v. Rohrer*, 734 N.E.2d 1077, 1081 (Ind.Ct.App.2000) (quoting *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind.Ct. App.1998)). A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct error. *Volunteers of America v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind.Ct.App.2001). A trial court has abused its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences therefrom. *Id.* The trial court's decision comes to us cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its discretion. *Id.* In making our determination, we may neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Instead, we look at the record to determine if (a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant; or (c) a very strong case for relief has been made by the appellant. *Id.*

A motion to correct error may be filed "to correct error made by the trial court" and is filed within thirty days "after the entry of . . . an appealable final order." Ind. Trial Rule 59(B), (C). The errors claimed therein "shall be stated in specific rather than general terms." T.R. 59(D). Rule 59 further provides that

> [t]he trial court, if it determines that prejudicial error has been committed, shall take such actions as will cure the error, including without limitation the following with respect to all or some of the parties and all of some of the errors:
>
> (1) grant a new trial;
>
> (2) enter final judgment;
>
> (3) alter, amend, modify or correct judgment;
>
> (4) amend or correct the findings or judgment . . .;
>
> (5) in the case of excessive or inadequate damages . . .;
>
> (6) grant any other appropriate relief, or make relief subject to condition; or
>
> (7) in reviewing the evidence, the court shall grant a new trial if it determines. . . .
>
> In its order correcting error the court shall direct final judgment to be entered

---

1. Sixty-three percent to Wife; thirty-seven percent to Husband.

2. According to the Amended Decree, Husband was receiving $1,412.00 monthly in Veterans Administration disability benefits and $81.77 in monthly military retirement benefits. Evidence presented at the March 31, 2006, hearing was that Father served in the military from 1977 until 1998 (marrying Wife in 1986); and he was currently employed at an annual salary of $53,945.63. Wife was earning $8.30 per hour working at Menard's.

or shall correct the error without a new trial unless such relief is shown to be impracticable or.... If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted [the trial court is required to make certain specific findings, which are set out].

T.R. 59(J).

■ Husband's appeal contains a series of arguments that the trial court failed to comply with the "a number of exacting requirements" found in Rule 59. Husband's Br. at 13. Husband first argues that the trial court committed reversible error when it failed to *expressly* find that "prejudicial or harmful error has been committed." T.R. 59(J). We note that Rule 59(J) contains no such specific requirement. Nevertheless, Husband argues that such a finding is "a condition precedent to granting relief on a motion to correct error." Husband's Br. at 18. He cites to *Weida v. Kegarise,* 849 N.E.2d 1147, 1151 (Ind.2006), for this proposition. First, we note that the *Weida* case involved a jury trial. Moreover, what *Weida* actually held was that "Rule 59(J) requires that *a trial court must be satisfied* that some 'prejudicial or harmful' error has occurred before any remedial action may be taken." *Id.* (emphasis added). Thus, *Weida* did not hold that the trial court must expressly state that such prejudicial or harmful error has occurred before any remedial action may be taken. Further, when the trial court ruled on the motion to correct error herein, its order stated that "[a]fter due consideration of all evidence submitted in this matter and legal argument," it found that the Decree "should be amended." (App. 40). We find this statement to express the trial court's determination that it found the Decree to reflect prejudicial or harmful error, thereby requiring an "amend[ed] ... judgment."

T.R. 59(J)(3). Husband has failed to persuade us that because the trial court made no express finding of prejudicial or harmful error, it abused its discretion in granting Wife's motion to correct error and issuing the Amended Decree. *Volunteers of America,* 755 N.E.2d at 658.

■ Next, Husband argues that the trial court committed reversible error because "it failed to specify any reasons for granting such relief as required by Trial Rule 59(J)." Husband's Br. at 20. He cites to the Rule, which states that

[w]hen a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

T.R. 59(J) (emphasis added). The above applies when a "new trial" is granted, and the trial court did not grant a new trial here. Husband also cites to *Weida* and *Borowski v. Rupert,* 152 Ind.App. 9, 281 N.E.2d 502, 509 (Ind.Ct.App.1972). In *Weida,* after a jury trial verdict, the trial court issued an "order granting a new trial"; Indiana's Supreme Court emphasized the trial court's "obligation to make findings" in such circumstances, as required by Rule 59(J). 849 N.E.2d at 1149, 1153. Similarly, in *Borowski,* after a jury

trial verdict, the trial court "granted a new trial on the . . . issue of damages subject to additur," and we noted that the trial court had properly "set out" its "special findings of fact" in that regard. 281 N.E.2d at 503, 510. Moreover, as indicated above, the trial court's order on the motion to correct error stated that its "consideration of all the evidence . . . and legal argument" led it to find that Decree should be "amended in certain regards." (App. 40). Husband's argument that the trial court abused its discretion by failing to make findings that specified its reasons for granting Wife's motion to correct error fails. *Volunteers of America*, 755 N.E.2d at 658.

■ Husband next argues that "[w]here, as arguably occurred in this case, the trial court grants a new trial on a motion to correct error, the trial shall be limited to those issues affected by the error." Husband's Br. at 21. Husband asserts that it is "arguabl[e]" that the trial court "granted a new bench trial when it took additional testimony and argument." *Id.* at 23. However, except for the limited testimony of Wife, no new evidence was received by the trial court March 31, 2006, hearing giving rise to the Decree, and the Amended Decree was based on evidence presented at that hearing. With one exception, all of the parties' statements to the trial court at the hearing on Wife's motion dealt with their agreement that three issues had been resolved.[3] Because *the parties agreed* that these three matters were resolved, we cannot conclude that there was an abuse of discretion to have failed to limit a "new trial" to those issues.

The exception mentioned is Wife's testimony that she could make the mortgage payments that having the marital residence awarded to her would entail. Husband's counsel then argued that the evidence failed to support this conclusion. Thus, even if there was a "new trial" on this issue, Husband was afforded the opportunity to argue against it. Husband has failed to carry his burden of proving that the trial court abused its discretion and committed reversible error in not ordering that a new trial be limited to certain issues. *Volunteers of America*, 755 N.E.2d at 658.

Husband argues that pursuant to *Weida*, we should "reinstate" the Decree based on the trial court's "fail[ure] to comply with the procedural steps outlined in Trial Rule 59(J)." It is true that this was the remedy imposed by Indiana's Supreme Court in *Weida*. However, as already noted, in *Weida* that trial court had issued an "order granting a new trial" without providing the findings required by Rule 59(J) when doing so. 849 N.E.2d at 1149. Here, the trial court did not issue an order granting a new trial.

Finally, Husband argues that "[e]ven if . . . *Weida* does not require reinstatement of the original Dissolution Decree," we should remand to the trial court "with instructions to determine whether prejudicial or harmful error has occurred," or "with instructions to enter its reasons for granting the motion to correct error and to enter any special findings that might be required." Husband's Br. at 29, 30. Although framed as a separate argument,

---

**3.** The Decree relied on testimony about the parties' anticipated refund from their 2005 income taxes; at the hearing, it was indicated that the actual refund was less but had been equitably divided between the parties. The Decree failed to reference a debt for a loan to the older son to purchase a car, which loan was co-signed by Wife; at the hearing, it was agreed that the son would refinance the loan in his own name. The decree required Husband to refinance the mortgage in his own name; at the hearing, Husband advised that the mortgage had always been solely in his name.

these assertions appear to repeat those already made and discussed.

With his appeal, Husband tendered the transcript of the evidentiary hearing held on March 31, 2006. Yet, other than a passing reference in another argument stating that the Decree was "well 'within the parameters of a proper verdict,'" Husband's Br. at 27 (citation omitted), he does not argue that the Amended Decree is not supported by the evidence presented to the trial court, or that the Amended Decree is erroneous as a matter of law. As the appellant, Husband has the burden of proving that the trial court abused its discretion, and we look at the record to determine if (a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant; or (c) a very strong case for relief has been made by the appellant. *Volunteers of America*, 755 N.E.2d at 658. Husband's previous arguments have proven no abuse of discretion by the trial court. Wife filed her motion to correct error, and Husband was informed of her arguments. He filed no opposing brief. The trial court held a hearing on the motion; Husband was present, and his counsel made arguments on his behalf. He has not proven that he suffered a flagrant injustice in the trial court's consideration of Wife's motion. Finally, he makes no "strong argument for relief" based upon the Amended Decree and the record before the trial court. Husband has failed to carry his appellate burden. *Id.*

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.

