## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2019, 10:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANTS PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Michael Francis | David J. Jurkiewicz |
| Carmen Jay Francis | Christina M. Bruno |
| Indianapolis, Indiana | Bose McKinney & Evans LLP |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |
|---|---|
| Michael Francis and Carmen Jay Francis, *Appellants-Defendants,* <br><br> v. <br><br> EMC Mortgage, LLC, *Appellee-Plaintiff.* | March 15, 2019 <br><br> Court of Appeals Case No. 18A-MF-1493 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Timothy W. Oakes, Judge <br><br> Trial Court Cause No. 49D02-0706-MF-23133 |

**Sharpnack, Senior Judge.**

# Statement of the Case

Michael and Carmen Francis (collectively the Francises) appeal the trial court's denial of their motion to correct error. We affirm.

# Issue

The Francises present three issues for our review, which we restate as one: whether the trial court erred by denying the Francises' motion to correct error.

# Facts and Procedural History

In 1994, the Francises executed a promissory note and a mortgage on their home. When the note matured in 2001, the Francises failed to satisfy the outstanding balance. In 2007, EMC Mortgage, LLC (EMC) filed suit to foreclose on the mortgage. The trial court entered a foreclosure judgment in February 2016, which the Francises appealed. This Court affirmed the trial court's judgment in a memorandum decision in April 2017, and our Supreme Court later denied transfer. *See Francis v. EMC Mortg., LLC*, No. 49A02-1604-MF-830 (Ind. Ct. App. Apr. 19, 2017), *trans. denied*.

In addition,

> [t]he Francises filed bankruptcy proceedings and initiated an adversary proceeding in the United States Bankruptcy Court for the Southern District of Indiana seeking almost $200,000 in damages from EMC Mortgage for an allegedly improper foreclosure. The Bankruptcy Court dismissed the adversary proceeding for lack of jurisdiction over a state foreclosure action. The Francises appealed the decision to the United States District

Court for the Southern District of Indiana, and the bankruptcy court's decision was affirmed.

*Francis v. Fannie Mae, et al.*, No. 18A-CT-8, slip op. at 2 (Ind. Ct. App. Nov. 26, 2018).

[5] In August 2017 in state court, the Francises filed a "Complaint for Lack of Standing to Foreclose, Fraud in the Concealment, Fraud in the Inducement, Unconscionable Contract, Breach of Contract, Breach of Fiduciary Duty, Quiet Title, Slander of Title, Temporary Restraining Order/Injunctive Relief and Jury Demand" against EMC and several other defendants. *Id.* In October, EMC and other defendants filed a motion to dismiss the complaint on grounds that the claims were barred under principles of res judicata. The trial court granted the motion to dismiss and ordered that the defendants be dismissed from the action with prejudice. The Francises then filed a motion to correct error, which was denied. The Francises appealed.

[6] In appealing the dismissal of their complaint and denial of their motion to correct error, the Francises argued that EMC could not participate in the action because it was "defunct" and not authorized to do business in Indiana. Concluding the Francises were barred by res judicata from raising these claims because they raised them in their prior appeal of the foreclosure judgment, a panel of this Court affirmed the dismissal of the Francises' complaint. *See id.*

[7] Meanwhile, in the underlying action in the trial court, defendant PNC Bank filed a motion for judgment on the pleadings in December 2017, also

contending the Francises' claims were barred by res judicata. The trial court granted PNC's motion. The Francises filed with the Supreme Court a praecipe for withdrawal of the case, which the Court determined was unwarranted. The Francises then filed a motion to correct error in the trial court, which the trial court denied. The Francises appealed.

[8] In its decision on appeal, a panel of this Court noted that the Francises claimed to have uncovered evidence of fraud and multiple forgeries; made numerous factual allegations, including a now-defunct title company engineered a fraudulent mortgage agreement, the prior owner of the property failed to appear at closing and substituted his son to pose as the owner, and the sheriff's eviction notice contained possibly forged signatures; and asserted instances of procedural error. Finding that the Francises waived the issues due to their failure to comply with the rules of appellate procedure by supporting their contentions with cogent reasoning and appropriate citations to the record, the Court determined they had not demonstrated the trial court abused its discretion in denying their motion to correct error. *See Francis v. Accubanc Mortg. Corp.*, No. 18A-CT-596 (Ind. Ct. App. Sept. 14, 2018).

[9] In the meantime, in February 2017, Homesales, Inc. had purchased the real estate at a sheriff's sale. In November, the real estate agent for Homesales and other representatives went to the real estate to evict the Francises, but they discovered that the Francises had already vacated the premises. The real estate agent installed locks on the doors, and, in early February 2018, he listed the home for sale. A few weeks later the agent went to the home and discovered a

U-Haul truck in the driveway and the Francises and two other individuals unloading items from the truck into the home. Michael admitted that he had cut the lock on the door, and he indicated to the agent that he and Carmen were moving back into the home. The real estate agent called for police assistance, and the Francises were directed to leave the premises.

[10] In April 2018, EMC and Homesales filed with the trial court a motion entitled "Motion to Enforce Writ of Assistance, Motion for Order Barring Michael and Carmen Francis from the Real Estate, Motion for Sanctions, and Motion to Declare Michael and Carmen Francis Vexatious Litigants." The trial court granted EMC and Homesales' motion. The Francises then filed a motion entitled "Verified Motion to Correct Errors, Objections for Lack of Due Process for Order to EMC and Homesales," which the trial court denied. This appeal followed.

# Discussion and Decision

[11] The Francises appeal the denial of their motion to correct error. Trial courts have broad discretion to determine whether they will grant or deny a motion to correct error. *Luxury Townhomes, LLC v. McKinley Props., Inc.*, 992 N.E.2d 810, 815 (Ind. Ct. App. 2013), *trans. denied*. A trial court abuses this discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences to be drawn therefrom. *Id.* On appeal, the trial court's decision is cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court

abused its discretion. *Jones v. Jones*, 866 N.E.2d 812, 814 (Ind. Ct. App. 2007). The appellate court neither reweighs the evidence nor judges the credibility of witnesses. *Id.*

Although this is an appeal from the denial of the Francises' motion to correct error, the Francises appear to be raising the following claims: (1) the foreclosure action is barred by a "Satisfaction of Mortgage;" (2) EMC cannot be a party to this case because it is "defunct" and lacks standing; (3) signatures on sheriff's documents were forged; (4) the trial court erred by not holding a hearing on EMC's motion; (5) the trial court erred by allowing the Homesales real estate agent to file an affidavit with EMC's motion; (6) the trial court erred by failing to rule on the Francises' motion to correct error; and (7) counsel for EMC failed to appear in this appeal.[1]

# Res Judicata

We address the Francises' first three arguments under the doctrine of res judicata. The doctrine of res judicata serves to prevent repetitious litigation of disputes that are essentially the same. *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011), *trans. denied*. The doctrine has two components: claim

---

[1] EMC contends that we should decline to review the Francises' claims because the Francises have hindered this Court's review of the issues, failed to follow the appellate rules, and failed to present a cogent argument. It is well established that we will not consider an appellant's assertions upon which he or she has not presented cogent argument supported by authority and references to the record as required by the rules or address arguments that are either inappropriate, too poorly developed, or improperly expressed to be understood. *Lasater v. Lasater*, 809 N.E.2d 380, 389 (Ind. Ct. App. 2004). While the Francises' arguments are not skillfully presented, we address what we understand to be their concerns.

preclusion and issue preclusion. *Id.* Claim preclusion applies when a final judgment on the merits has been rendered in an action, and it acts to bar a subsequent action on the same claim between the same parties. *Evergreen Shipping Agency Corp. v. Djuric Trucking, Inc.*, 996 N.E.2d 337, 340 (Ind. Ct. App. 2013). More specifically, claim preclusion applies when the following four factors are satisfied: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *Id.*

## 1. Satisfaction of Mortgage

[14] The Francises allege they received a Satisfaction of Mortgage which discharges and releases them from the mortgage and bars all suits thereon. In support of this argument, they include a copy of a document entitled "Satisfaction of Mortgage" that names them and their property, acknowledges full payment of the mortgage, is signed by a representative of the Federal National Mortgage Association ("Fannie Mae") as "mortgagee," and shows a file stamp from the county recorder's office dated April 25, 2018. Appellants' App. Vol. III, p. 111.

[15] However, in response to the Francises' claims, EMC has submitted an affidavit from the representative at Fannie Mae who caused the Satisfaction of Mortgage

to be signed and sent to the Francises. In the affidavit, the representative sets forth events that occurred in March and April of 2018.

[16] We pause here to note the relevant timeline. The foreclosure judgment was issued by the trial court in February 2016 and states that EMC at that time was the holder of the note and the mortgage on the Francises' property and was the party entitled to enforce those documents. Appellee's App. Vol. II, p. 5. The order further states that EMC's mortgage was at the time a valid lien on the property and ordered that the lien of the mortgage be foreclosed as first and prior lien. *Id.* at 7. That judgment was affirmed on appeal by this Court in April 2017.

[17] A year later, in March and April of 2018, the Fannie Mae representative began receiving emails from Michael Francis. *Id.* at 176. Attached to one of the emails was a document entitled Satisfaction of Mortgage, which the Francises requested Fannie Mae to execute. *Id.* at 177. Incorrectly understanding the document to disclaim any interest of Fannie Mae in the loan related to the Francises' property, the representative caused the document to be executed. *Id.* The affiant representative sets forth that he did not realize: (1) the Satisfaction of Mortgage erroneously identified Fannie Mae as the present owner of the mortgage, and (2) the Satisfaction of Mortgage erroneously indicated that Fannie Mae acknowledged full payment and satisfaction of the mortgage. *Id.* Fannie Mae was neither the owner of the mortgage nor had it received full payment and satisfaction of the mortgage because the loan had been purchased from Fannie Mae by a different loan servicer in 2002. *Id.* On November 8,

2018, the affidavit of the Fannie Mae representative was filed with the county recorder referencing both the mortgage and the satisfaction and was entitled "Affidavit Regarding Erroneous Satisfaction of Mortgage." *Id.* at 175.

[18] Not only is this a baseless claim, but also it is the Francises' attempt to circumvent and relitigate the foreclosure proceeding, which has been fully litigated to a final determination. The judgment of foreclosure was rendered on the merits by the Marion County Superior Court, a court of competent jurisdiction, and that controversy involved the same parties. That judgment was affirmed on appeal. *See Francis*, 49A02-1604-MF-830.

## 2. Defunct Company/Lacks Standing

[19] In addition, the Francises claim that EMC cannot be a party to this action because the company is "defunct" and lacks standing. Appellants' Br. p. 46. This claim also relates to the foreclosure judgment. As we stated, that judgment was rendered on the merits by a court of competent jurisdiction and determined a controversy involving the same parties. Further, the Francises have previously raised the claims of defunct business and lack of standing in their appeal of the foreclosure judgment, *see Francis*, No. 49A02-1604-MF-830, slip op. at 3, as well as in their appeal of the dismissal of their August 2017 lawsuit against EMC. *See Francis*, No. 18A-CT-8, slip op. at 3 (noting Francises are attempting to "rehash" same arguments Court addressed in prior appeal and applying res judicata to bar relitigation).

## 3. Forged Signatures

[20] As best we can discern, it appears the Francises are making broad allegations of forged signatures on sheriff's documents. This claim, just as the two before it, relates to the 2016 foreclosure. That controversy involved the same parties, and a court of competent jurisdiction rendered a decision on the merits. Additionally, the Francises also previously raised this issue as part of their newly discovered evidence claim to support their motion to correct error in *Francis*, No. 18A-CT-596 (determining that alleged newly discovered evidence did not satisfy due diligence requirement, and trial court did not abuse its discretion by denying Francises' motion to correct error based upon such).

[21] Consequently, claim preclusion bars the Francises from relitigating the foreclosure action by raising these arguments.

## 4. Hearing

[22] Next, the Francises contend the trial court erred by not holding a hearing on EMC's motion requesting they be barred from the property and that sanctions and restrictions on their future filings be imposed.

[23] Trial Rule 73 gives courts flexibility to deal with hearings regarding motions. *Apple v. Hall*, 412 N.E.2d 114, 117 (Ind. Ct. App. 1980). Indeed, Trial Rule 73 allows the trial court to expedite its business by directing the submission and determination of motions without oral hearing. Where a trial rule requires the court to conduct a hearing before deciding a motion, that rule will trump Trial Rule 73, and the court must conduct a hearing; however, where the trial rule is

silent about a hearing requirement, Trial Rule 73 permits the trial court to rule on a motion without a hearing. *Rumfelt v. Himes*, 438 N.E.2d 980, 983-84 (Ind. 1982) (determining that Trial Rule 41(E)'s hearing requirement controls over Trial Rule 73).

[24] Here, the trial rules do not indicate that a hearing was required on EMC's motion, and the Francises cite to no authority that entitled them to such a hearing. Moreover, EMC's motion was filed April 9, and the trial court did not rule upon the motion until May 2. Although they had plenty of time, the Francises failed to file anything in response to EMC's motion or to request a hearing. Most telling is Judge Oakes' notation on the order granting EMC's motion: "Ct believes a hearing is unnecessary since the matter has been heard, appealed, and a[d]judicated fully. Therefore, Court is granting essentially what has already previously been granted." Appellee's App. Vol. II, p. 35. As Judge Oakes acknowledged, the basis of EMC's motion is essentially the enforcement of things already determined, thus making a hearing futile.

## 5. Affidavit

[25] The Francises also allege that the trial court erred by allowing the Homesales real estate agent to submit an affidavit without being a party in the original case.

[26] EMC submitted the affidavit of the Homesales real estate agent in support of its motion requesting the Francises be barred from the property and that sanctions and restrictions on their future filings be imposed. The affidavit set forth the

events witnessed by the agent that caused EMC to file its motion with the trial court, namely that the agent had installed locks on the doors of the property and, in February 2018, had listed the home for sale. A few weeks later he went to the home and found the Francises moving items into the home. At that time, Michael admitted to the agent that he had cut the lock on the door, and he indicated that he and Carmen were moving back in—two years after the foreclosure judgment.

[27] A trial court may, in its discretion, accept affidavits supporting a motion. Ind. Trial Rule 6(D). "Good practice in all cases requires that where a motion is founded upon matters not within the judicial knowledge of the court, there should be an affidavit as to the existence of the facts upon which it is based, showing their materiality and the necessity for invoking the aid of the court with reference thereto." *Terre Haute Gas Corp. v. Johnson*, 221 Ind. 499, 507-08, 45 N.E.2d 484, 487 (1942), *judgment modified on reh'g*, 221 Ind. 499, 48 N.E.2d 455 (1943). We are unaware of any requirement that an affiant be a party to the case, and the Francises cite to none. There was no error in allowing the filing of the agent's affidavit in support of EMC's motion.

## 6. Failure to Rule

[28] The Francises next make the specious argument that the trial court erred by failing to rule upon their motion to correct error. First, they know the trial court ruled on their motion because they are appealing its denial. Second, the motion is stamped "DENIED" with the date of May 29, 2018 and the judge's signature, a copy of which the Francises included in their appendix. *See*

Appellants' App. Vol. II, p. 2.  In addition, the CCS notations show the judge denied the Francises' motion to correct error on May 29, 2018 and that notice was issued to the parties.  *See id.* at 39.

## 7. Counsel's Appearance

[29] Again, the Francises present a baseless argument by alleging that EMC's counsel did not file an appearance in this appeal.  In fact, the docket of this Court shows that David J. Jurkiewicz and Christina M. Bruno of Bose McKinney & Evans, LLP appeared in this action on behalf of EMC Mortgage, LLC on October 5, 2018.  In addition, the appearance certifies it was served upon the Francises on the same date via the e-filing system at the email addresses they provided in their Notice of Appeal as well as being sent via first-class U.S. mail to the address they listed in their Notice of Appeal.

# Conclusion

[30] We have defined judicial discretion as "a privilege allowed a judge within the confines of justice to decide and act in accordance with what is fair and equitable." *Fulton v. Van Slyke*, 447 N.E.2d 628, 636 (Ind. Ct. App. 1983). Review of an exercise of judicial discretion must be made in light of and confined to the facts and circumstances of a particular case, and an abuse of discretion occurs only when the result is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions flowing therefrom.  *Id.*  The Francises have not demonstrated that the trial court abused its discretion in denying their motion to correct error.

Affirmed.

Crone, J., and Brown, J., concur.