## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 07 2020, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

APPELLANT PRO SE

Ginger Hallett
Sainte-Anne-De-Kent, New Brunswick
Canada

ATTORNEY FOR APPELLEES

Justin M. Gifford
Beck Rocker & Habig, P.C.
Columbus, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ginger Hallett (née Louder), <br> *Appellant-Defendant,* <br><br> v. <br><br> Jill E. Newlin, Gregory N. Kinworthy, and Robert C. Kinworthy, II, <br> *Appellees-Plaintiffs* | July 7, 2020 <br><br> Court of Appeals Case No. 20A-PL-37 <br><br> Appeal from the Bartholomew Circuit Court <br><br> The Honorable Kelly S. Benjamin, Judge <br><br> Trial Court Cause No. 03C01-1808-PL-4731 |

**Crone, Judge.**

## Case Summary

[1] Siblings Ginger Hallett, Jill E. Newlin, Gregory N. Kinworthy, and Robert C. Kinworthy, II, inherited a house from their father. Newlin and her brothers

(collectively Appellees) wanted to sell the house, but Hallett objected. Appellees filed an action to partition the property, and the trial court ordered mediation. Hallett and Appellees signed an agreement to sell the house, but the sale fell through. Appellees found another buyer, but Hallett objected to the sale. Ultimately, the trial court ordered the house sold at auction and granted Appellees' request to pay their attorney's fees and related expenses with the sale proceeds. Hallett now appeals, arguing that the trial court lacked jurisdiction to order the sale after the parties signed their agreement and that the trial court erred in allowing Appellees' attorney's fees and related expenses to be paid with the sale proceeds. We hold that the trial court had legal authority to order the sale but that it abused its discretion in allowing the payment of attorney's fees and related expenses. Accordingly, we affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] The relevant facts are undisputed.[1] The parties' father died in March 2018, and they inherited his house in Columbus as tenants in common via a transfer-on-death deed. Appellees wanted to sell the house, but Hallett objected. In August 2018, Appellees, by counsel, filed a partition action pursuant to Indiana Code Chapter 32-17-4. *See* Ind. Code § 32-17-4-1(a) (providing that tenants in common may compel partition). In December 2018, Appellees filed a motion

---

[1] Both parties' statements of fact are inappropriately argumentative and verbose.

for summary judgment and motion to proceed with sale, in which they requested that their attorney's fees and costs be paid from the sale proceeds. In January 2019, the trial court referred the matter to mediation and did not rule on Appellees' motions. *See* Ind. Code § 32-17-4-2.5(a) ("Not later than forty-five (45) days after the court has acquired jurisdiction over all the parties who have an interest in the property that is the subject of the action, the court shall refer the matter to mediation in accordance with the Indiana rules of alternative dispute resolution."). In February 2019, the parties signed an agreement to sell the house to a potential buyer for $80,000, but the sale fell apart through no fault of any of the parties.[2]

[3] Appellees found another buyer who agreed to purchase the house for $75,000, but Hallett objected to the sale. Appellees asked the trial court to reconsider their motion for summary judgment and motion for sale. In June 2019, the court granted Appellees' motions and ordered the house to be sold pursuant to the purchase agreement. Hallett, who has appeared pro se throughout this proceeding, filed a motion to correct error, which she later amended. Appellees filed a response in which they requested that $1625 in attorney's fees and costs allegedly incurred "in responding to [Hallett's] intentional, obstreperous, and

---

[2] Hallett complains that Appellees did not take "a single step to avoid having their buyer back out of the sale[,]" Appellant's Br. at 14 n.26, but she cites no authority for the proposition that they were obligated to do so.

spurious litigation" be paid from Hallett's share of the sale proceeds. Appellant's App. Vol. 2 at 109.

[4] The trial court held a hearing on the pending motions and issued an order giving the parties thirty days to agree upon a method of sale; if no agreement was reached, the house would be sold at auction, by either an auctioneer agreed upon by the parties or one appointed by the court. No agreements were reached, so Appellees filed a motion to appoint an auctioneer. In November 2019, the court issued an order directing the sheriff to sell the property at auction and directing the proceeds to be applied in the following order: (1) auction costs; (2) real estate taxes and assessments; (3) expenses paid from the father's bank account, including "$6,723.38 for past paid insurance, utilities, maintenance, and property taxes on the property[,] cost of title search in the amount of $200, and attorney fees and expenses in the amount of $12,399.88"; and (4) the parties' respective ownership interests in the property. *Id*. at 209 (emphasis omitted). The court did not order any attorney's fees or related expenses to be paid solely from Hallett's share of the proceeds. Hallett filed a motion to correct error, which the trial court denied in December 2019. Hallett appeals from that ruling.

[5] In January 2020, the house was sold at auction for $51,000. Appellees filed a motion to disburse funds, including $14,923.38 for attorney's fees and related expenses and $29,144.24 to the parties; Appellees did not request that any attorney's fees or related expenses be paid solely from Hallett's share of the proceeds. The trial court granted the motion.

# Discussion and Decision

## Section 1 – Hallett has failed to establish that the trial court lacked legal authority to order the sale of the property.

[6] Hallett appeals pro se from the denial of her motion to correct error. "A litigant who proceeds pro se is held to the same established rules of procedure that trained counsel is bound to follow." *Health & Hosp. Corp. of Marion Cty. v. Foreman*, 51 N.E.3d 317, 318 (Ind. Ct. App. 2016) (italics omitted). "We will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016) (citation and quotation marks omitted).

[7] "A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct error." *Jones v. Jones*, 866 N.E.2d 812, 814 (Ind. Ct. App. 2007). "A trial court has abused its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences therefrom." *Id*. "The trial court's decision comes to us cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its discretion." *Id*. In reviewing a ruling on a motion to correct error, we also consider the standard of review for the underlying ruling. *Luxury Townhomes, LLC v. McKinley Props., Inc.*, 992 N.E.2d 810, 815 (Ind. Ct. App. 2013), *trans. denied*. For this issue, that standard is de novo. *See Doe v. Adams*, 53 N.E.3d 483, 495 (Ind. Ct. App. 2016) (where facts are undisputed on summary judgment and issue presented is pure question

of law, we review matter de novo), *trans. denied*; *Robinson v. Robinson*, 125 N.E.3d 1, 4 (Ind. Ct. App. 2019) ("statutory interpretation presents a pure question of law for which summary judgment disposition is appropriate"), *trans. denied*.

[8] Hallett contends that the trial court lacked "jurisdiction" to order the sale of the property because the parties had signed a mediated agreement, which she did not breach. Appellant's Br. at 14. This argument is more appropriately framed as a challenge to the court's legal authority to order the sale. *See Fry v. Fry*, 8 N.E.3d 209, 214-15 (Ind. Ct. App. 2014) (explaining that Indiana courts have only two kinds of jurisdiction, subject matter and personal, neither of which is at issue in this case).[3] Once the agreed-upon sale fell apart, through no fault of any of the parties, the case was essentially back to square one.[4] Hallett objected to Appellees' proposal to sell the property to a second buyer, and she does not contend that the trial court was required to order a second round of mediation. The trial court held a hearing and gave the parties a final opportunity to negotiate an agreement to sell the property; when those negotiations failed, the court was well within its legal authority to order the property sold at auction.

---

[3] Hallett claims that she did not receive notice of Appellees' motion to reconsider, but she acknowledges that she obtained actual notice online and has neither alleged nor established any resulting prejudice. Hallett also asserts that a summary judgment motion is "not permitted by the partition statute[,]" Appellant's Br. at 14, but she cites no authority for this assertion. Indiana Code Chapter 32-17-4 does not prohibit such motions, and this Court reviewed a summary judgment ruling in a partition action in *Baker v. Chambers*, 398 N.E.2d 1350 (Ind. Ct. App. 1980).

[4] Consequently, we reject Hallett's argument that the mediated agreement finally disposed of the matter and thus Appellees' motion to reconsider was untimely and they were required to provide her with "new service of process[.]" Appellant's Br. at 15.

*See* Ind. Code § 32-17-4-2.5(g) (providing that if agreed settlement is not reached in mediation, trial court shall order property sold at auction). In sum, Hallett's argument fails.

## Section 2 – The trial court abused its discretion in allowing Appellees' attorney's fees and related expenses to be paid from the sale proceeds.

[9] Hallett also contends that the trial court erred in allowing Appellees' attorney's fees and related expenses to be paid from the sale proceeds. "We review a decision to grant attorney fees for an abuse of discretion." *Bunger v. Demming*, 40 N.E.3d 887, 900 (Ind. Ct. App. 2015), *trans. denied*. "Indiana generally adheres to the American rule that a party must pay his own attorney fees absent an agreement between the parties, a statute, or other rule to the contrary." *Id*.

[10] Hallett contends that Indiana Code Chapter 32-17-4 does not permit an award of attorney's fees in partition proceedings. Indiana Code Section 32-17-4-2.5 says the following about reimbursement for various payments and expenses:

> (h) At the time the court orders the property to be sold, the court shall notify all lienholders and other persons with an interest in the lien or property, as identified in the title search or lien search required under IC 29-1-17-11 or section 2 of this chapter, of the sale. The property must be sold free and clear of all liens and special assessments except prescriptive easements, easements of record, and irrevocable licenses, with any sum secured by a lien or special assessment to be satisfied from the proceeds of the sale.
>
> (i) The person who causes a title search to be conducted under section 2 of this chapter or a title or lien search to be conducted

under IC 29-1-17-11 is entitled to reimbursement from the proceeds of the sale.

(j) Any person who has paid a tax or special assessment on the property is entitled to pro rata reimbursement from the proceeds of the sale.

(k) Any person may advertise a sale under this section at the person's own expense, but is not entitled to reimbursement for these expenses.

(l) After deduction of the amounts described in subsections (h), (i), and (j) and the reasonable expenses of the sale, the court shall divide the proceeds of the sale among the remaining property owners in proportion to their ownership interest.

The statute says nothing about attorney's fees and related expenses.

Appellees essentially concede this point, but they contend that an award of attorney's fees and related expenses was proper based on what they characterize as Hallett's "vexatious" behavior during the proceeding. Appellee's Br. at 11. Indiana Code Section 34-52-1-1(b) provides,

In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Leaving aside the question of whether Appellees actually prevailed in what is essentially an in rem action, there is no indication that the trial court awarded attorney's fees and related expenses on any of these grounds, even though Appellees requested that it do so in their response to Hallett's amended motion to correct error. That being the case, we reverse and remand with instructions to vacate the award of attorney's fees and related expenses and distribute those proceeds to the parties in proportion to their ownership interest in the property. Because Hallett has prevailed on this issue, we deny Appellees' request to award them "attorney's fees and the costs of this appeal … for Hallett's obdurate behavior." Appellees' Br. at 13.

[12] Affirmed in part, reversed in part, and remanded.

Bailey, J., and Altice, J., concur.